```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO


UNITED STATES OF AMERICA,

     Plaintiff,

          v.                        Criminal No. 22-340 (FAB)

JEROME NIBBS, et al.,

     Defendants.
```

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court are defendants Jerome Nibbs ("Nibbs"), José Acosta ("Acosta"), and Akinde Thomas Chalwell ("Chalwell") (collectively, "defendants")' motion to dismiss the indictment. (Docket No 43.)  The defendants also request that the Court hold an evidentiary hearing. (Docket No. 54.)  For the reasons set forth below, the defendants' motion to dismiss is **DENIED**. The defendants' motion for an evidentiary hearing is also **DENIED**. (Docket No. 54.)

**I.   Background**

This action concerns an alleged attempt to import cocaine into the United States.  Drug Enforcement Administration Special Agent Lorena Jiménez ("Jiménez") prepared an affidavit in support of the criminal complaint.  (Docket No. 1, Ex. 1.)  The following allegations derive from the affidavit.

Criminal No. 22-340 (FAB)                                                    2

On June 26, 2022, United States Coast Guard ("USCG") agents observed a go-fast vessel approximately 25 nautical miles from Saint Thomas, United States Virgin Islands. Id. at p. 2. The vessel displayed no indicia of nationality. Id. at p. 3. The three occupants of the vessel then jettisoned approximately 30 packages into the ocean. Id.

Subsequently, USCG agents intercepted the vessel. Id. Chalwell identified himself as the master, claiming British Virgin Islands nationality for himself and the vessel. Id. The Government of the British Virgin Islands waived "its primary right of jurisdiction over the vessel" on July 14, 2022. Id.; see Docket No. 66, Ex. 2 at p. 3 (Certification for the Maritime Law Enforcement Act Involving Go-Fast Vessel Manta 33 (BVI) Federal Drug Enforcement Number (FDIN) – 2022678685) (hereinafter, "State Department Certification").

USCG agents recovered three of the thirty jettisoned packages from the ocean. Id. The substance contained within these packages tested positive for cocaine, weighing approximately 90 kilograms. Id. at p. 4. According to Special Agent Jiménez, the "total amount of cocaine being smuggled was 900 [kilograms]." Id. USCG agents detained the defendants. Id.

Nibbs, Acosta, and Chalwell remained at sea for 36 days, until the USCG transported them to San Juan, Puerto Rico on July 22,

Criminal No. 22-340 (FAB)                                              3

2023.  (Docket No. 43 at p. 6.)  That same day, the defendants appeared before United States Magistrate Judge Giselle López-Soler for their initial appearances.  (Docket Nos. 6 and 9.)

On July 28, 2022, a grand jury returned a three count indictment charging the defendants with conspiracy to possess with intent to distribute a controlled substance aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b) (count one), possession with intent to distribute a controlled substance aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1) and 18 U.S.C. § 2 (count two), and jettisoning property subject to forfeiture, pursuant to 21 U.S.C. § 881(a), from a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(2), 70506(d), and 18 U.S.C. § 2 (count three).  (Docket No. 14.)

Nibbs, Acosta, and Chalwell move to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 5 ("Rule 5").  (Docket No. 43.)[1]  According to the defendants, "it was unreasonable to detain [them] for 35 days, without presentment to the Magistrate Judge, or filing criminal charges."  Id. at p. 6.  The United States responded.  (Docket No. 49.)  The defendants

---

[1] Nibbs filed the motion to dismiss on November 14, 2022.  (Docket No. 43.)  The Court granted Chalwell and Acosta's motions to join the following day.  (Docket Nos. 46 and 48.)

filed a reply, and the United States, a surreply. (Docket Nos. 52 and 59.)

## II. The Defendants' Motion to Dismiss

Pursuant to Federal Rule of Criminal Procedure 5(a)(1)(B), a "person making an arrest outside the United States must take the defendant without unnecessary delay before a magistrate judge, unless a statute provides otherwise." Fed. R. Crim. P. 5(a)(1)(B). This requirement "not only checks the likelihood of coercive questioning, but also avoids 'all the evil implications of secret interrogation of persons accused of crime.'" United States v. Jacques, 744 F.3d 804, 813 (1st Cir. 2014) (quoting Corley v. United States, 556 U.S. 303, 307 (2009)). The dipositive inquiry for purposes of the defendants' motion to dismiss is whether the 35-day delay is "unreasonable."[2]

"Unreasonable delay" is an indeterminate term, assessed on an *ad hoc* basis "in light of all the facts and circumstances of the [particular] case." Fed. R. Crim. P. Advisory Committee Note to Subdiv. (a). The Fourth Amendment of the United States Constitution "imposes a presumptive 48-hour time limit on

---

[2] The First Circuit Court of Appeals has repeatedly declined to address "whether Rule 5(a) can ever be a basis for dismissal of an indictment absence evidence of unwarranted interrogation during the period of detention." United States v. Ayala, 289 F.3d 16, 21 (1st Cir. 2002) (citing United States v. Encarnación, 239 F.3d 395, 400 n.5 (1st Cir. 2001)). Because the 35-day delay in this case is reasonable, the Court need not address whether dismissal of the indictment is an appropriate remedy for a Rule 5 violation.

Criminal No. 22-340 (FAB)                                                 5

detentions in the absence of a probable cause determination." United States v. Vilches, 413 F. Supp. 2d 60, 66 (D.P.R. 2006) (Pérez-Giménez, J.) (citing Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991)).  The First Circuit Court of Appeals has held, however, that the "48-hour rule is a requirement of the Fourth Amendment, not Rule 5(a)," Encarnación, 239 F.3d at 398 n.2; and has held that the "Fourth Amendment does not apply to activities of the United States against aliens in international waters".  See United States v. Bravo, 489 F.3d 1, 8 (1st Cir. 2007)

Courts consider the following four factors to determine whether a presentment delay is unreasonable:

> (1) the distance between the location of the defendant's apprehension and the port in San Juan, Puerto Rico, (2) the time between the defendant's arrival in San Juan and when they were presented to the magistrate judge, (3) evidence of mistreatment or improper interrogation while the defendants were detained, and (4) the United States' reasons for the delay.

United States v. Toborda-Reales, Case No. 20-342, 2021 U.S. Dist. LEXIS 77416, at *5 (D.P.R. Apr. 20, 2021) (Carreño-Coll, J.) (citing United States v. Cabezas-Montaño, 949 F.3d 567, 591 (11th Cir. 2020)).  The defendants shoulder the burden of establishing a Rule 5 violation.  See Cabezas-Montaño, 949 F.3d at 592.

The 35-day delay between the date of detention and the defendants' initial appearance is reasonable.  The interdiction occurred in the Caribbean Sea, not a great distance from Puerto

Criminal No. 22-340 (FAB)                                                6

Rico. (Docket No. 1, Ex. 1.) USCG cutters are not, however, "used as taxis to ferry detainees immediately to the nearest United States port . . . The Government is not required to take the fastest possible route to the courthouse, just a reasonable one." United States v. Quijie-Franco, Case No. 17-60246, 2017 U.S. Dist. LEXIS 229693, at *4 (S.D. Fla. Dec. 17, 2017); United States v. Abu-Khatallah, 275 F. Supp. 3d 32, 54-56 (D.C. Cir. 2017) ("[It] strikes the Court as eminently reasonable for the Government not to divert military resources being used elsewhere in order to expedite [the defendant's] presentment.").

The defendants arrived in Puerto Rico and appeared before a magistrate judge on the same day. (Docket No. 43 at p. 4.; Docket Nos. 6 and 9.) The defendants set forth no allegation of mistreatment. Being placed "in restrains," without more, is not "outrageous government conduct." (Docket No. 43 at p. 4.) The USCG provided the defendants with shelter from the sun, sleeping mats, access to medical care, and "three daily meals at a picnic table." Docket No. 49 at p. 6; see United States v. Purvis, 768 F.2d 1237, 1239 (11th Cir. 1985) (holding that the defendants "were not mistreated" onboard a USCG cutter, noting that they "were kept handcuffed in a semi-sheltered area on the deck of the Coast Guard vessel . . . were fed regularly, given mattresses on which to sleep, and had access to bathrooms").

Criminal No. 22-340 (FAB)                                                          7

Presentment delay is inevitable when defendants are apprehended on the high seas.  A 35-day delay may, in certain circumstances, transgress Rule 5.  The delay in this case is, however, reasonable.  See United States v. Mangual-Santiago, 562 F.2d 411, 432 (1st Cir. 2009) (holding that the defendant suffered no prejudice from a 110-day presentment delay); Cabezas-Montaño, 949 F.3d 567, 593 (11th Cir. 2020) (affirming the denial of a motion to dismiss the indictment based on a 49-day presentment delay); United States v. Savchenki, 201 F.R.D. 503, 506 (S.D. Cal. 2001) (holding that a 16-day presentment delay was reasonable); United States v. Torres-Iturre, Case No. 15-2586, 2016 U.S. Dist. LEXIS 63090 (S.D. Cal. May 12, 2016) (holding that a 21-day presentment delay was reasonable).  Accordingly, the defendants' motion to dismiss is **DENIED**.

**A.   The Vienna Convention on Consular Relations**

The defendants also argue that the United States prevented them "from communicating with [their] embassy for 36 days."  (Docket No. 52 at p. 4.)  They invoke the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77 (ratified Nov. 24, 1960) (hereinafter, "Vienna Convention"), asserting that the United States engaged in "outrageous conduct."  Id. at p. 6. The First Circuit Court of Appeals has held, however, that, even if the Vienna Convention conferred individual rights to consular

Criminal No. 22-340 (FAB)                                                8

notification, "the appropriate remedies do not include suppression of evidence or dismissal of the indictment." United States v. Nai Fook Li, 206 F.3d 56, 60 (1st Cir. 2000). Consequently, a purported violation of the Vienna Convention is no reason to dismiss the indictment.

**III. The Defendant's Motion for an Evidentiary Hearing**

The defendants request an evidentiary hearing, asserting that the criminal complaint and indictment are based on "false information." (Docket No. 54 at p. 2.) They contend that the United Kingdom waived jurisdiction on August 9, 2022, not on July 14, 2022. Id. The grand jury returned the indictment on July 28, 2022, before this alleged wavier of jurisdiction. (Docket No. 14.)

To prevail, the defendants must "[make] a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record." United States v. Cintrón, 724 F.3d 32, 36 (1st Cir. 2013). "[The] decision of whether to conduct an evidentiary hearing is left to the sound discretion of the district court." United States v. Brown, 621 F.3d 48, 57 (1st Cir. 2010).

The defendants' argument is unavailing. On January 1, 2023, the United States provided the appurtenant State Department

Criminal No. 22-340 (FAB)                                                                    9

Certification.  (Docket No 66, Ex. 2.)  This certification provides that:

> [On] or about July 14, the Government of the British Virgin Islands agreed to waive its rights to exercise jurisdiction and authorized the Government of the United States to enforce its laws against the crew members.
>
> [On] or about July 21, 2022, following additional internal discussion, the Government of the British Virgin Islands reaffirmed its July 14, 2022 agreement to waive its right to exercise jurisdiction.
>
> Then on or about August 9, 2022, the Government of the British Virgin Islands provided a Note Verbale to formally document its July 14, 2022 agreement to waive its right to exercise jurisdiction [and] waived its right to exercise jurisdiction and authorize the Government of the United States to enforce its laws against the crew members.

Id. at p. 3.  Accordingly, the defendants conflate the initial date of jurisdictional waiver with the date that the Government of the British Virgin Islands reaffirmed this decision.  The motion for an evidentiary hearing is **DENIED**.

**IV. Conclusion**

For the reasons set forth above, the defendants' motion to dismiss the indictment is **DENIED**.  (Docket No 43.)  The defendants' motion for an evidentiary hearing is also **DENIED**.  (Docket No. 54.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 20, 2022.

                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    SENIOR UNITED STATES DISTRICT JUDGE