**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    **Plaintiffs,**

        **v.**               **Criminal NO.** 22-340 (FAB)

THOMAS AKINDE CHALWELL, *et al.*,

    **Defendants.**

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.

    Before the Court is defendant Jerome Nibbs ("Nibbs" or "defendant")'s motion to dismiss the indictment. (Docket No. 91.) The motion was joined by defendants Akinde Thomas Chalwell [1] and José Acosta [3]. (Docket Nos. 93 and 95.) For the reasons set forth below, the motion is **DENIED**.

## I.  Background

    On June 16, 2022, a United States Coast Guard ("USCG") aircraft spotted the defendants' vessel approximately 25 nautical miles north of St. Thomas, U.S. Virgin Islands. (Docket No. 104.) Defendants' vessel was described as a southbound center console style go-fast vessel, with two outboard engines, no navigation lights, displaying British Virgin Islands registration on the side, and with visible packages on deck. Id. USCG diverted the cutter CGC Heriberto Hernández ("the cutter") to intercept the defendants' vessel.

Criminal No. 22-340 (FAB)                                              2

The cutter pursued the defendants' vessel for approximately twenty minutes until it became dead in the water, at which point USCG personnel boarded and inspected the vessel after receiving authorization from the Government of the British Virgin Islands to do so.  Id.  The boarding team recovered several packages consistent in size, shape, and wrapping with bales of narcotics and, after testing the contents of the packages, confirmed their contents included cocaine.  (Docket No. 91.)

On July 28, 2022, a grand jury sitting in the District of Puerto Rico returned a three count indictment charging Nibbs and his co-defendants José Acosta and Akinde Thomas Chalwell (collectively "defendants") with (1) conspiracy to possess with intent to distribute cocaine aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b), (2) possession with intent to distribute cocaine aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1) and 18 U.S.C. § 2, and (3) jettisoning a controlled substance subject to forfeiture from aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(2) and 18 U.S.C. § 2.  (Docket No. 14.)  On August 10, 2023, defendant Nibbs filed a motion to dismiss the indictment based on lack of jurisdiction.  (Docket No. 91.)  On August 10, 2023 and on August 14, 2023, respectively,

Nibbs' co-defendants José Acosta and Akinde Thomas Chalwell joined his motion to dismiss the indictment.  (Docket Nos. 93 and 95.) On September 7, 2023, the United States responded to the defendants' motion. (Docket No. 104.)

## II.  Discussion

### A.    Legal Standard

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  Federal Rule of Criminal Procedure 12(b) allows a defendant to move to dismiss for defects in the indictment, including lack of specificity and failure to state an offense.  See Fed. R. Crim. P. 12(b)(3)(B).  "What counts in [determining the sufficiency of the indictment] are the charging paper's *allegations*, which we must assume are true."  United States v. Guerrier, 669 F.3d 1, 3-4 (1st Cir. 2011) (emphasis in original).

An indictment must allege each of the required elements of the offence, but "the government need not put forth specific evidence to survive a motion to dismiss."  United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015) (quoting United States v. Stewart, 744 F.3d 17, 21 (1st Cir. 2014)).  On a motion to dismiss an indictment, a court takes the facts alleged in the indictment as true, mindful that "the question is not whether the government

has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense." United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012). "[A] court must deny a motion to dismiss if the motion relies on disputed facts." United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018); see also Ngige, 780 F.3d at 502 (affirming district court denial of motion to dismiss the indictment where the defendant's argument "rested on factual disputes left to the factfinder.")

**B.   The Defendants' Motion to Dismiss**

Nibbs argues that the Maritime Drug Law Enforcement Act (MDLEA), 46 U.S.C. § 70503(a)(2), as applied to his vessel is unconstitutional. (Docket No. 91, at 8.) To make his argument, Nibbs provides the court with evidence that he was detained and arrested within the territorial waters of the British Virgin Islands. (Docket No. 91, Ex 1.) Defendant argues that the MDLA was promulgated pursuant to Congress's power "to define and punish ... felonies committed on the high seas," U.S. Const., art. I, § 8, cl. 10, and because the alleged offence took place within British territorial waters and not on the "high seas," the allegations in the indictment fall outside of Congress's enumerated powers and therefore this Court's jurisdiction. (Docket No. 91, at 9.) In response, the Government has provided

its own evidence that the alleged violations of the MDLEA took place on the high seas and not in the territorial waters of the British Virgin Islands. (Docket No. 104, Exs. 1-4.)

The problem with the defendants' argument is that it is not properly before the court on a motion to dismiss the indictment. See Ngige, 780 F.3d at 502. The issue presented here is a factual dispute as to whether the detention and arrest of the defendant occurred on the high seas or within the territorial waters of the British Virgin Islands. "[A] court must deny a motion to dismiss if the motion relies on disputed facts." Stepanets, 879 F.3d at 372. Furthermore, the indictment on its face lists the location of each alleged offence as "on the high seas." (Docket No. 14.) Nibbs' argument rests on a factual assertion, but because the government and the indictment directly dispute the facts presented by the defendant, his motion to dismiss the indictment fails and the Court need not reach the merits of his constitutional argument. See United States v. Rodríguez-Rivera, 918 F.3d 32, 35 (1st Cir. 2019) ("a district court may consider a pretrial motion to dismiss an indictment where the government . . . does not dispute the pertinent facts.") (quoting United States v. Musso, 914 F.3d 26, 29—30 (1st Cir. 2019)).

## III. Conclusion

For the reasons set forth above, defendant Nibbs' motion to dismiss the indictment, joined by defendants Chalwell and Acosta, is **DENIED.**  (Docket No. 91.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 29, 2023.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE